(No. 23122.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN THOMPSON *et al.* Plaintiffs in Error.

*Opinion filed December 19, 1935—Rehearing denied Feb. 6, 1936.*

E. B. DICKERSON, NELSON M. WILLIS, JOSEPH E. CLAYTON, and W. ROBERT MING, JR., for plaintiffs in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, HENRY E. SEYFARTH, JOHN T. GALLAGHER, and RICHARD H. DEVINE, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

An indictment in the criminal court of Cook county charged the three plaintiffs in error, John Thompson, Villetta Lowe and Levi Minter, together with Carl B. DeVol, with the crime of forcible rape. The indictment originally consisted of three counts, the first of which charged rape against all four of them, and the second charged Thompson with the sexual act and the other three as accessories, aiding, abetting and assisting him. The third count was *nolle prossed* and does not appear in the abstract. It appears from the briefs of all parties that the defendant DeVol fled the jurisdiction, although the record shows nothing as to what became of the case against him. The other three defendants, Thompson, Mrs. Lowe and Minter, were tried before a jury and found guilty. Thompson and Mrs. Lowe were each sentenced to thirty years' imprisonment

and Minter to ten years, these being the terms fixed by the verdict. This writ of error is sued out jointly by Thompson, Mrs. Lowe and Minter.

The defendants raise various questions of law and also insist that the evidence fails to prove them guilty of the crime of forcible rape as charged in the indictment. Their contention on the question of fact is well founded, and it will therefore be unnecessary to consider any question of law. A review of the entire record leaves in our minds a grave and substantial doubt as to the guilt of the defendants, and the judgment will therefore be reversed. The details of the evidence are revolting and of no public interest, and, inasmuch as the judgment is reversed, we find it unnecessary to comment upon them in this opinion.

*Judgment reversed.*